United States District Court
Southern District of Texas
**ENTERED**
November 30, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ORBAN R. REED, JR., | § |
| *Plaintiff*, | § § § |
| v. | §   CIVIL ACTION H-15-2005 |
| BANK OF AMERICA, N.A., *et al.*, | § § § |
| *Defendants*. | § |

# ORDER

Pending before the court is a motion to dismiss filed by defendants Bank of America, N.A. ("BOA") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants"). Dkt. 5.

Having reviewed the motion, the response, related filings, and the applicable law, the court is of the opinion that the motion to dismiss should be GRANTED.

## I. BACKGROUND

Orban R. Reed, Jr. ("Reed") is the current mortgagor of real property located at 402 Blossom Terrace Lane, Rosenberg, Texas 77469 (the "Property"). Dkt. 1–2 at 4. Defendant Lakeview Loan Servicing, LLC ("Lakeview") is an assignee of the deed of trust on the Property and sold the Property to itself at auction. *Id.* at 4-5. Defendant Manufacturers and Traders Trust Company ("M&T Bank") is named as the mortgage servicer. *Id.* at 35. Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") is the named beneficiary and nominee for defendant and original lender Bank of America, N.A. ("BOA") and its successors and assigns. *Id.* at 19.

On April 5, 2011, Reed obtained a mortgage loan from BOA to purchase the Property. *Id.* The loan was for $172,513.00 and was secured by a deed of trust naming MERS, a book-entry system commonly used by lenders to track mortgages, the beneficiary as nominee for BOA and BOA's successors and assigns. *Id.* On July 5, 2012, MERS assigned the deed of trust to BOA after Reed went into default on the loan. *Id.* at 6. Reed does not dispute that he was in default. *Id.* at 5. BOA then assigned the deed of trust to Lakeview on August 1, 2013. *Id.* at 6. On April 14, 2014, Lakeview filed a notice of foreclosure sale. *Id.* at 5. On May 6, 2014, Lakeview purchased the Property at the foreclosure sale. *Id.* On April 14, 2015, Reed filed his original petition in the 434th Judicial District Court of Fort Bend County, Texas. *Id.* at 2. A temporary restraining order was granted. Dkt. 1–3 at 2. The case was removed to this court on July 14, 2015. Dkt. 1.

Reed argues that he has standing under Texas law to challenge the assignment on any ground that renders the assignment void or invalid. Dkt. 11 at 9-10. Reed asserts a number of claims that he argues would void the assignment: 1) MERS did not have authority under Texas law to execute the assignment, 2) the assignment by MERS is void because the signatures on the assignment documents are forgeries, and 3) the assignment was void because only the deed of trust was assigned. *Id.* at 8-10. Reed requests a permanent injunction and declaration that the transfer assignment is void. *Id.* at 6. Reed also seeks damages and attorneys' fees. *Id.*

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that the pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In considering a Rule 12(b)(6) motion to dismiss a complaint, courts accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards,*

2

*Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court does not look beyond the face of the pleadings in determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007). And, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* The supporting facts must be plausible—enough to raise a reasonable expectation that discovery will reveal further supporting evidence. *Id.* at 556.

### III. ANALYSIS

#### A. Lack of Standing to Foreclose

Reed argues that Lakeview did not have standing to foreclose on the Property because MERS unlawfully assigned the deed of trust to BOA, and then BOA unlawfully assigned the deed of trust to Lakeview. Dkt. 1–2 at 4.

**1. MERS's Authority to Execute the Assignment**

Reed alleges that MERS did not have authority to execute the assignment. Dkt. 11 at 8-9. Essentially the allegation is that MERS is merely a third party to the deed of trust, and as such lacks authority to assign the deed of trust on behalf of the lender, BOA. However, Reed admits that the deed of trust names MERS as a *beneficiary* to the deed of trust. Dkt. 1–2 at 8.

Reed's argument is foreclosed by Fifth Circuit precedent and Texas law. MERS has authority under the Texas Property Code to administer the foreclosure of property on behalf of a mortgagee. Tex. Prop. Code Ann. § 51.0025 (West 2005); *Martins v. BAC Home Loans Servicing,*

*L.P.*, 722 F.3d 249, 255 (5th Cir. 2013). Further, under section 51.0001(4), MERS qualifies as a mortgagee because of its status as a book entry system, and Lakeview qualifies as a mortgagee with the right to foreclose as long as the assignment is valid.[1] Under the Fifth Circuit's reasoning, the Texas Property Code permits MERS as a valid mortgagee to either 1) grant a mortgage servicer the authority to foreclose or 2) to foreclose itself. *Martins,* 722 F.3d at 255; *see also Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 342 (5th Cir. 2013) ("Our holding in *Martins* permits MERS and its assigns to bring foreclosure actions under the Texas Property Code.").[2]

### 2. Forgery

Reed also claims that Lakeview did not have standing to foreclose because the assignments in the chain of title were forged. Dkt. 1–2 at 6. Reed asserts that the signatures of Martha Munoz—MERS's officer executing the assignment to BOA—and Diana Dam—BOA's officer executing the subsequent assignment to Lakeview—are forgeries. *Id.* at 6-7. Reed alleges that Martha Munoz and Diana Dam each did not have the authority to sign the assignments on behalf of

---

[1] Texas Property Code section 51.0001(4) defines "mortgagee" as:
  (A) the grantee, beneficiary, owner, or holder of a security instrument;
  (B) a book entry system; or
  (C) if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record.
Tex. Prop. Code Ann. § 51.0001(4) (West 2007).

[2] Reed's reliance on *Nueces County, Texas v. MERSCORP Holdings, Inc.*, No. 2:12–CV–00131, 2013 WL 3353948 (S.D. Tex. July 3, 2013) (Ramos, J.), is misplaced. Dkt. 11 at 9 & n.5 (arguing based on *Nueces County* that MERS's rights with respect to a promissory note are "suspect" under Texas law). *Nueces County* concerned section 12.002 of the Texas Civil Practices and Remedies Code and determined that where MERS files deeds naming itself as beneficiary "for the purpose of MERS being designated the grantee/grantor on thousands of mortgages in the County's real property records," that raises a plausible claim under section 12.002. *Nueces Cnty.*, 2013 WL 3353948, at *4. *Nueces County* is inapplicable here, as MERS was designated as beneficiary in an instrument approved by BOA and Reed. Dkt. 1–2 at 19-27.

their respective companies. *Id.* Reed alleges, alternatively, that both Munoz and Dam's signatures were signed or electronically affixed by a person other than Munoz and Dam without their assent. *Id.* Reed's conclusory allegations against Munoz and Dam's authority to execute the assignments are insufficient to "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). Reed has produced a facially valid assignment signed by Munoz as Vice President of MERS as nominee for BOA, its successors and assigns. Dkt. 1–2 at 41. The assignment was recorded in the Official Public Records of Fort Bend County, Texas, on July 5, 2012. *Id.* BOA's assignment authorized by Dam is also facially valid and was recorded in the Official Public Records of Fort Bend County, Texas, on August 1, 2013. *Id.* at 43. Reed's assertions about forgery amount to little more than a "threadbare recital . . . supported by mere conclusory statements," which the Supreme Court has rejected as failing to show more than a "mere possibility of misconduct." *Iqbal,* 556 U.S. at 678.

Reed contends that, under Texas law, he has standing by alleging a void assignment when seeking to enjoin non-judicial foreclosure. Dkt. 11 at 9–12. However, under Texas law and Fifth Circuit precedent, Reed has no standing to assert a challenge to MERS or BOA's assignments of the deed of trust. *See Reinagel v. Deutsche Bank*, 735 F.3d 220, 226 n.18 (5th Cir. 2013) ("[A] deed [executed by a person fraudulently misrepresenting his agency] is valid and represents prima facie evidence of title until there has been a successful suit to set it aside . . . [which] can only be maintained by the defrauded [principal]." (alterations in original) (quoting *Nobles v. Marcus*, 533 S.W.2d 923, 926–27 (Tex. 1976)) (internal quotation marks omitted)). Such an act merely renders the assignment voidable at the election of the defrauded principal. *Id.* at 226-27. Therefore, Reed's

5

conclusory allegations are not sufficient to challenge the assignments, and he has no standing to assert the claim.

### 3. The Challenge to the Note

Reed also challenges Lakeview's foreclosure of the Property by arguing that a mortgage note and deed of trust are inseparable. Dkt. 1-2 at 9. Because MERS never owned the mortgage note, Reed contends, any attempt by MERS to transfer the interest in property would be a nullity and Lakeview had no power to foreclose. *Id.* While acknowledging that MERS was named the beneficiary of the deed of trust, Reed nonetheless claims that MERS's assignment of the deed is void under the legal axiom that "one cannot sell or transfer what they do not own." Dkt. 11 at 8-9. This argument invokes the "split the note" and "show me the note" theories, which the Fifth Circuit has rejected. *Martins*, 722 F.3d at 256.

In *Martins*, the Fifth Circuit cleared up a split of authority concerning mortgage assignments through the MERS system. *Id.* at 253. Like Reed, the plaintiff in *Martins* asserted that the bank could not foreclose because it was assigned only the mortgage, and not the note, suggesting that the assignment split the note and the deed of trust. *Id.* The Fifth Circuit found that the "weight of Texas authority" suggests that "a mortgage servicer need not hold or own the note and yet would be authorized to administer a foreclosure." *Id.* at 255. MERS's authority to assign the deed also gave it the authority to assign the note under the Texas Property Code. *See* Tex. Prop. Code Ann. §§ 51.0001, 51.0025 (West 2005); *see also Morlock, L.L.C. v. Bank of N.Y.*, 448 S.W.3d 514, 518–19 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (finding that the defendant, by virtue of the chain of assignment of the deed of trust, established its authority as owner of the deed of trust,

and thus had authority to foreclose regardless of whether it was also a holder or the owner of the note).

Therefore, Lakeview would be permitted to foreclose even if it did not possess the note. *Martins*, 722 F.3d at 255. The deed of trust granted MERS broad authority, including but not limited to, the authority to conduct a foreclosure sale on behalf of the lender and "exercise any or all . . . interests" of the lender. Dkt. 1–2 at 20, 22, 24-25. MERS assigned its rights in the deed of trust to BOA, which then assigned the deed of trust to Lakeview. *Id.* at 41–47. The assignment to Lakeview was recorded in the county's records around August 1, 2013. *Id.* at 43. Thus, Lakeview—as mortgagee through virtue of assignment[3]—was authorized to conduct a foreclosure sale, and under Texas law does not need to possess the note to foreclose. *See Morlock*, 448 S.W.3d at 518 ("[T]here is no requirement that the mortgagee possess or produce the note that the deed of trust secures in order to conduct a nonjudicial foreclos[ure].").

**B. Breach of Contract and Texas Property Code Violations**

Reed's claims for breach of contract and the associated claim for lack of contractual standing to foreclose are predicated on his arguments that the assignments of the deed of trust are void because the signatures on the assignments are forgeries and the assigning parties lacked the authority to assign the deed of trust. Because the court has already determined that Lakeview had standing to foreclose, that MERS and BOA had the authority to assign the deed of trust, and that the allegedly forged documents are facially valid, these claims must be dismissed. Reed's claims that Defendants violated sections 51.0075 and 51.0025 of the Texas Property Code also must be dismissed because

---

[3]Texas Property Code section 51.0001(4)(C) states that, where the security interest has been assigned, the "mortgagee" is "the last person to whom the security interest has been assigned of record." Tex. Prop. Code. Ann. § 51.0001(4)(C) (West 2007).

they rely on the same theories.  Even assuming that Defendants violated the statute, Reed has provided no authority to suggest that Chapter 51 of the Texas Property Code provides a private right of action.  *See Swannie v. Bank of N.Y., Mellon*, No. 4:11-CV-338, 2012 WL 2942242, at *4 (N.D. Tex. July 19, 2012) (noting that plaintiff offered no authority to establish that section 51.0025 of the Texas Property Code provides a private right of action).  A plaintiff does not have a right of action merely because a defendant violated a statute.  *See Witkowski v. Brian, Fooshee and Yonge Props.*, 181 S.W.3d 824, 831 (Tex. App.—Austin 2005, no pet.) (noting that a private right of action is implied only when the drafters' intent is clear and that a private right of action does not arise merely because a plaintiff suffered harm from the violation of a statute).

## C. Quiet Title and Declaratory and Injunctive Relief

Reed's claims to quiet title and declaratory and injunctive relief are based on his theories that Lakeview did not have standing to foreclose on the Property because the assignments of the deed of trust were invalid.  Because those claims are without merit, Reed's claims to quiet title and declaratory and injunctive relief also fail.

## III. CONCLUSION

Defendants' motion to dismiss (Dkt. 5) is GRANTED and Reed's claims are DISMISSED WITH PREJUDICE.

It is so **ORDERED**.

Signed at Houston, Texas on November 30, 2015.

_____
Gray H. Miller
United States District Judge

8