United States District Court
Southern District of Texas
**ENTERED**
May 31, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ORBAN R. REED, JR., § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION H-15-2005 |
| § | |
| BANK OF AMERICA, N.A., *et al.*, § | |
| § | |
| *Defendants*. § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court is plaintiff Orban R. Reed, Jr.'s ("Reed") motion for new trial. Dkt. 17.  Having considered the motion, response, reply, and the applicable law, the court is of the opinion that the motion should be DENIED.

**I. BACKGROUND**

On April 4, 2011, Reed obtained a purchase money mortgage loan from defendant Bank of America ("BOA") to purchase a home located at 402 Blossom Terrace Lane, Rosenberg, Texas, 77469 (the "Property"). Dkt. 1-2 at 3–4; Dkt. 1-2, Ex. A. The loan was secured by a deed of trust naming defendant Mortgage Electronic Registration Systems, Inc. ("MERS") the beneficiary as nominee for BOA and BOA's successors and assigns. Dkt. 1-2, Ex. A. In 2012, Reed went into default on the loan. Dkt. 1-2 at 4. On July 5, 2012, MERS assigned the deed of trust to BOA. *Id.* at 5; Dkt. 1-2, Ex. G. The assignment was purportedly signed by Martha Munoz as Vice President of MERS. Dkt. 1-2 at 5; Dkt. 1-2, Ex. G. On August 1, 2013, BOA assigned the deed of trust to defendant Lakeview Loan Servicing, LLC ("Lakeview"). Dkt. 1-2 at 5; Dkt. 1-2, Ex. H. The assignment was purportedly signed by Diana Dam as Assistant Vice President of BOA. Dkt. 1-2 at 5; Dkt. 1-2, Ex. H. On April 14, 2014, Lakeview filed a notice of foreclosure sale for the Property.

Dkt. 1-2 at 4;  Dkt. 1-2, Ex. D.  The notice names defendant Manufacturers and Traders Trust Company ("M&T Bank") as the mortgage servicer.  Dkt. 1-2, Ex. D.  On May 6, 2014, Lakeview purchased the Property at the foreclosure sale.  Dkt. 1-2 at 4; Dkt. 1-2, Ex. E.

On April 14, 2015, Reed filed his original petition in the 434th Judicial District Court of Fort Bend County, Texas, bringing suit against BOA, M&T Bank, Lakeview, and MERS for lack of standing to foreclose, quiet title, declaratory relief, breach of contract, lack of contractual standing, and violations of the Texas Property Code.  Dkt. 1-2.  The same day, the district court granted Reed's request for a temporary restraining order.  Dkt. 1-3.  On July 14, 2015, MERS removed the case to this court.  Dkt. 1.

On July 20, 2015, BOA and MERS (collectively, "Defendants") filed a motion to dismiss. Dkt. 5.  On November 30, 2015, the court granted Defendants' motion.  Dkt. 16.  On December 28, 2015, Reed filed the pending motion for new trial.  Dkt. 17.  On January 15, 2016, Defendants filed a response.  Dkt. 19.  On February 17, 2016, Reed filed a reply.  Dkt. 21.

## II. LEGAL STANDARD

Reed filed a "motion for new trial under Fed. R. Civ. P. 59(e)."  Dkt. 17 at 1.  A motion under Rule 59(e), however, is appropriately considered a motion to alter or amend a judgment.  *See* Fed. R. Civ. P. 59(e); *see also Jemison v. CitiMortgage, Inc.*, No. H-13-2475, 2015 WL 251754, at *1 (S.D. Tex. Jan. 20, 2015) (Rosenthal, J.) (explaining that the Federal Rules of Civil Procedure do not provide for a motion for new trial where no trial has occurred, and analyzing a similar motion under the standards for a motion to alter or amend a judgment).  A party may use a Rule 59(e) motion to "call into question the correctness of a judgment."  *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact

or to present newly discovered evidence." *Id.* at 479 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). A motion to alter or amend a judgment "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.*; *see also S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993) (explaining that "the standards applicable to Rule 59(e) . . . favor the denial of motions to alter or amend a judgment").

### III. ANALYSIS

In his motion, Reed raises three primary arguments in favor of vacating the court's dismissal of his claims: (1) the court misapplied the 5th Circuit's opinion in *Reinagel v. Deutsche Bank National Trust Co.*, 735 F.3d 220 (5th Cir. 2013), by conflating the analysis applicable to a mortgage assignment signed by a person without proper authority and the analysis applicable to a mortgage assignment signed by a person claiming to be someone else (i.e., a forgery); (2) the court incorrectly concluded that Reed's forgery allegations are conclusory; and (3) Reed's counsel has discovered a records audit performed in Osceola County, Florida that sufficiently substantiates his allegations of forgery to avoid dismissal. Dkt. 17.

**A.** *Reinagel* **Analysis**

Reed argues that, under *Reinagel*, the distinction between signatures made without proper authorization and forgeries is important because a signature made without proper authorization is only voidable, whereas a forgery is void *ab initio*. *Id.* at 4. In this case, Reed has made both types of allegations. Reed alleges that Martha Munoz never worked as Vice President of MERS and was not authorized by MERS, BOA, or any successor or assign of BOA to sign the July 2012 assignment of the deed of trust from MERS to BOA. Dkt. 1-2 at 5. Alternatively, Reed argues that the July

3

2012 assignment was signed by a person other than Martha Munoz who did not have authority to sign for her. *Id.* Similarly, Reed alleges that Diana Dam never worked as an Assistant Vice President of BOA, nor was she authorized by BOA to sign the August 2013 assignment of the deed of trust from BOA to Lakeview. *Id.* at 6. Alternatively, Reed alleges that the August 2013 assignment was signed by a person other than Diana Dam who did not have authority to sign for her. *Id.*

Accepting for the purposes of this motion that Reed is correct and that *Reinagel* draws a distinction between signatures made without proper authority and forgeries, the court will address each of these theories separately.

Reed does not have standing to raise claims based on his allegations that Martha Munoz and Diana Dam were not properly authorized to execute the assignments on behalf of MERS and BOA. The *Reinagel* court specifically found that an alleged lack of authority, even if accepted as true, does not provide a basis for the mortgagor to challenge an assignment. *See* 735 F.3d at 226 ("[A] contract executed on behalf of a corporation by a person fraudulently purporting to be a corporate officer is, like any other unauthorized contract, not void, but merely voidable at the election of the defrauded principal . . . the obligors of a claim . . . may not defend [against an assignee's effort to enforce the obligation] on any ground which renders the assignment voidable only . . ."(alteration in original) (citations omitted)); *see also id.* at 226 n.18 ("It is settled that . . . a deed [executed by a person fraudulently misrepresenting his agency] is valid and represents prima facie evidence of title until there has been a successful suit to set it aside . . . [which] can only be maintained by the defrauded [principal]." (alterations in original) (quoting *Nobles v. Marcus*, 533 S.W.2d 923, 926 (Tex. 1976)).

Although Reed may have standing to raise claims based on his forgery allegations, he nonetheless is required to adequately plead his claims. As discussed below, the court finds that it accurately concluded that Reed's forgery allegations are conclusory and not adequately pled.

## B. Forgery Allegations

Reed argues that Federal Rule of Civil Procedure 11(b)(3) allows him to plead based on information and belief with a reasonable likelihood of evidentiary support. Dkt. 17 at 7. Under this standard, Reed contends that his forgery allegations are not conclusory. *Id.* Reed argues that the pleading standard must be relaxed in this case because the facts supporting his claims are peculiarly within the opposing party's knowledge. *Id.* at 8–9.

Rule 9(b) provides the appropriate pleading standard for Reed's forgery allegations. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *see also Lopez v. Sovereign Bank*, *N.A.*, No. H-13-1429, 2014 WL 7446746, at *8 (S.D. Tex. Dec. 31, 2014) (Rosenthal, J.) (explaining that Rule 9(b) applies to claims in which fraud is alleged, even if fraud is not an element of that claim, and applying Rule 9(b) to similar forgery allegations). Rule 9(b) imposes a heightened pleading standard where fraud allegations are at issue, requiring the plaintiff to identify the "who, what, when, where, and how" of the alleged fraud. *Lopez*, 2014 WL 7446746, at *8. Although the requirements of Rule 9(b) may be relaxed where the facts relating to the alleged fraud are peculiarly within the opposing party's knowledge, this exception "must not be mistaken for license to base claims of fraud on speculation and conclusory allegations." *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997) (quoting *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994)); *see also id.* ("[E]ven where allegations are based on information and belief, the complaint must set forth a factual basis for such belief.").

In this case, Reed has provided only unadorned, conclusory statements that the signatures on the assignments were forged. *See* Dkt 1-2 at 5 ("The July 2012 MERS' Assignment to BOA was signed, or the electronic signature was affixed, by a person not Martha Munoz, and signed or affixed by a person without any kind of authority whatsoever from the real Martha Munoz, and without the knowledge or assent of the real Martha Munoz, if any . . ."); *see also id.* at 6 (making identical allegations with respect to Diana Dam). The court agrees with Defendants that these are essentially "copy and paste" allegations that could be made in any case with little modification. Reed has provided no information regarding who executed these alleged forgeries, how this forgery scheme was carried out, or why the forged signatures were made. *See Tuchman*, 14 F.3d at 1068 ("Rule 9(b) requires the plaintiff to allege the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby." (alteration in original) (quoting *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992)). Allegations similar to Reed's have been found insufficient in many cases. *See Jemison*, 2015 WL 251754, at *2 (finding bare allegations that signatures on assignments were forged to be insufficient under Rule 9(b)); *Lopez*, 2014 WL 7446746, at *8 (same); *see also Kreway v. Countrywide Bank, FSB*, No. 15-50854, 2016 WL 2342717, at *1 (5th Cir. May 3, 2016) (analyzing nearly identical allegations that an assignment was "signed by a person not [the MERS Assistant Secretary], and signed or affixed by a person without any authority or knowledge whatsoever from the real [MERS Assistant Secretary]," and finding that these allegations failed the pleading requirement of Rule 9(b)). Reed has provided no valid reason for the court to reconsider its previous finding that his forgery allegations are insufficient.

### C. Osceola County, Florida Records Audit

Reed also argues that, since the court dismissed this case, his attorney has found newly discovered evidence that substantiates his forgery allegations. Dkt. 17 at 10. Reed points to a records audit from Osceola County, Florida that states that Martha Munoz is a "known robosigner." *Id.*

This records audit was published on December 29, 2014, almost a year before the court entered its order of dismissal. Therefore, this information could have been discovered with due diligence at the time of Reed's original motion, is not "newly discovered evidence," and is not properly considered on a motion under Rule 59(e). Further, the report is likely inadmissible and, in any case, is not appropriately considered at the motion to dismiss stage.

Even considering the report, it simply makes the conclusory statement that Martha Munoz is a "known Bank of America robosigner." Dkt. 17-1 at 251. The report offers no support for this allegation. Moreover, the report is no evidence that the assignments at issue in this case were forged.

The court finds that Reed has provided no argument or evidence that would support reconsideration of its previous dismissal of this case. Accordingly, Reed's motion for new trial is DENIED.

### IV. CONCLUSION

Reed's motion for new trial (Dkt. 17) is DENIED.

Signed at Houston, Texas on May 31, 2016.

_____
Gray H. Miller
United States District Judge